UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:14-cv-22689-UU

Eller-I.T.O. Stevedoring Company, LLC,

    Plaintiff,

v.

Lazaro Pandolfo,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant Lazaro Pandolfo's Motion to Dismiss. D.E. 9.  The Motion has been fully briefed and is ripe for disposition.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised on the premises.   For the reasons stated below, Defendant's Motion is GRANTED.

## BACKGROUND

The following allegations are taken from Plaintiff's Complaint.

On February 7, 2012, Lazaro Pandolfo was working for Plaintiff Eller-I.T.O. Stevedoring Company ("the Stevedoring Company") as a stevedore superintendent engaged in loading containers onto the vessel *M/V Hanneburg*, which was berthed in the Port of Miami.  D.E. 1 ¶ 16.  While performing his job, Pandolfo was struck by a toploader.  *Id.* ¶ 21. As a result, Defendant suffered injuries resulting in amputation of his leg below the knee.  *Id*.  Following the accident, Pandolfo filed a claim with the United States Department of Labor, under the Longshore and Harbor Workers'

Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950, and received compensation and benefits from Signal Mutual Indemnity Association, the company from which the Stevedoring Company had procured workers' compensation coverage.  *Id*. ¶¶ 14, 24.

At some point prior to August 2013, Pandolfo initiated a lawsuit in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County and named Miami-Dade County and Seaboard Marine, Ltd., the owner of the *M/V Hanneburg*, as defendants.  *Id*. ¶ 32.  In August 2013, Pandolfo filed a second amended complaint in state court, adding the Stevedoring Company and Dwayne Cooper, the toploader operator, as defendants.  *Id.*  In this second amended complaint, Pandolfo asserted a negligence claim against the Stevedoring Company.  *Id.* ¶ 33.

The Stevedoring Company moved to dismiss the state court complaint arguing that once it accepted responsibility under Section 904 of the LHWCA, the LHWCA provided the exclusive remedy to Pandolfo.  *Id*. ¶ 34.  The state court denied the motion for being premature and stated that "based on the additional documents outside the four corners of the pleadings," the Stevedoring Company may be correct; the court therefore concluded that the Stevedoring Company could raise the issue again on a motion for summary judgment once discovery was complete.  *Id.*

On July 18, 2014, the Stevedoring Company then filed its Complaint in federal court, alleging one count, and seeking the following: (1) a declaratory judgment that the LHWCA is Pandolfo's exclusive remedy against the Stevedoring Company; (2) injunctive relief prohibiting Pandolfo from further prosecution of claims against the Stevedoring Company in any federal or state court; (3) judgment against Pandolfo for damages; and (4) other relief this Court deems proper.  *Id.* at 12-13.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Id.*

Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." For this Court to have jurisdiction under § 1331, "the plaintiff's claim itself must present a federal question," *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950), or "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 28 (1983). A federal defense to a state law claim does not provide federal jurisdiction. *See id.* at 10-11.

Under 28 U.S.C. § 1333, this court has original and exclusive jurisdiction over, "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Federal courts have exclusive admiralty jurisdiction over *in rem* proceedings only, and leave "state courts 'competent' to adjudicate maritime causes of action in proceedings 'in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation." *Madruga v. Superior Court of State of Cal. in & for San Diego Cnty.*, 346 U.S. 556, 560-61 (1954). "In exercising *in personam* jurisdiction, however, a state court may adopt such remedies, and attach to them such incidents, as it sees fit so long as it does not attempt to make changes in the substantive maritime law." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447 (1994). "That proviso is violated when the state remedy 'works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and

interstate relations.'" *Id.* at 447 (1994) (quoting *Southern Pacific Co. v. Jensen,* 244 U.S. 205, 216 (1917)).

A party seeking to assert maritime jurisdiction over a tort claim must satisfy both prongs of the two part location and connection test. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 527-28 (1995). The location test asks the Court to determine whether the injury occurred on navigable waters or by a vessel on navigable waters. *Id.* The connection prong requires the Court to look at the "general features of the type of incident involved" to determine if the incident has "a potentially disruptive impact on maritime commerce." *Id.* "If so, the court must determine whether the character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Id.*

## ANALYSIS

Pandolfo filed this Motion seeking to dismiss the instant Complaint for the following reasons: (1) this Court lacks subject matter jurisdiction; (2) the Anti-Injunction Act bars the relief sought by the Stevedoring Company; and (3) the granting of declaratory relief would be improper. As the Court finds that it lacks subject matter jurisdiction to hear this action, it will not address the other arguments raised by Pandolfo.

Pandolfo argues that this Court lacks subject matter jurisdiction under both § 1331 and § 1333. He launches a factual attack under Federal Rule of Civil Procedure 12(b)(1)[1] against the Stevedoring

---

[1] "Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, "facial" and "factual" attacks. … Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. Appellees'

Company's Complaint, arguing that there is no federal question jurisdiction because the Stevedoring Company's claim is based on an affirmative defense that it would assert in state court. Pandolfo further argues that there is no admiralty jurisdiction because Pandolfo's injury occurred on land and was not on a vessel in navigable water.

The Stevedoring Company argues that Pandolfo has launched a facial attack against its Complaint and that its claims survive Rule 12(b)(6) scrutiny. It further argues that this Court has federal question jurisdiction because the LHWCA wholly displaces and preempts state tort damages claims. The Stevedoring Company also contends that this Court has admiralty subject matter jurisdiction because Pandolfo's accident satisfies both the location and connection tests.

A.     **Federal Question Jurisdiction**

The Stevedoring Company argues that federal question jurisdiction exists because the LHWCA "wholly displaces and preempts state tort damages claims by longshore employees." D.E. 13 at 4. It relies heavily on a Fourth Circuit case to argue that "Congress did not intend for state courts to determine LHWCA benefits and coverage." *Id.* at 6; *In re CSX Transp., Inc. v. Shives*, 151 F.3d 164 (4th Cir. 1998). The Stevedoring Company's argument is unavailing.

A declaratory judgment plaintiff can only claim federal question jurisdiction if "the anticipated lawsuit by the declaratory judgment defendant . . . arises under federal law." *City of Huntsville v. City of Madison*, 24 F.3d 169, 172 (11th Cir. 1994). "A declaratory judgment action must satisfy the

---

motion to dismiss was a factual attack because it relied on extrinsic evidence and did not assert lack of subject matter jurisdiction solely on the basis of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

well-pleaded complaint rule and show that the 'displaced coercive action' – the declaratory judgment defendant's coercive action being displaced by the declaratory judgment suit—is created by federal law or necessarily depends on resolution of a substantial, disputed question of federal law." *Id.* at 172. "An anticipated federal defense to a state law cause of action does not confer original or removal federal question jurisdiction." *Id.* at 172 n.4.

The Stevedoring Company's argument that the LHWCA provides the only remedy for Pandolfo to seek money from the Stevedoring Company is an affirmative defense to Pandolfo's state law claim for negligence. D.E. 1 ¶ 34. The Stevedoring Company has in fact asserted this defense against Pandolfo's pending state law action. D.E. 9-1 at 8. This cannot give rise to federal question jurisdiction because Pandolfo's state law complaint is not created by federal law and it does not depend on resolution of a substantial, disputed question of federal law. *Id.*; *Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001) ("The LHWCA is a preemption defense that needs to be raised in state court."); 10B Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2767 (3d ed. 2014) ("[I]f, but for the availability of the declaratory-judgment procedure, the federal claim would arise only as a defense to a state-created action, jurisdiction is lacking.").

There is an exception to this rule and federal question jurisdiction does exist over a federal defense where federal law completely preempts state law in that area. *Franchise Tax Bd.*, 463 U.S. at 23-24. The Stevedoring Company is incorrect, however, in arguing that LHWCA wholly preempts state law. "[S]tate courts routinely interpret and apply the LHWCA." *Cigna Prop. & Cas. v. Ruiz*, 254 F. Supp. 2d 1262, 1265 (S.D. Fla. 2003) (listing state cases applying LHWCA); *Gaar v. Quirk*, 86 F.3d 451, 454 n.11 (5th Cir. 1996) ("Because the LHWCA does not completely preempt state

law, we need not even consider this exception in the instant case.").

*Shives* does not support the Stevedoring Company's contention that the LHWCA completely preempts state law. *Shives* was concerned with the district court's determination of which federal law governed the plaintiff's complaint, either the Federal Employers Liability Act ("FELA") or the LHWCA. *Eller v. Jackson Kelly PLLC*, No. 09-cv-00700, 2011 WL 672054, at *6 (S.D. W. Va. Feb. 14, 2011).

> The quandary inherent in this process, which the *Shives* court directly addressed, is that a determination of the applicable law necessarily requires a court to reach behind the jurisdictional analysis, into substantive federal law, and interpret the terms 'navigable waters' and 'maritime employment' as they are defined by the LHWCA. The *Shives* court called this determination a 'conceptual antecedent' to the jurisdictional analysis, and it held that answering the antecedent question of federal law 'is exclusively a federal question which Congress never intended for state courts to resolve.'

*Id.* (quoting *Shives*, 151 F.3d at 167). The Fourth Circuit has narrowed the scope of the *Shives* decision in subsequent opinions, and has subsequently held that the question of whether receipt of LHWCA benefits bars other claims can be determined by a state court. *In re Norfolk S. Ry. Co.*, 756 F.3d 282, 294-95 (4th Cir. 2014). Accordingly, federal question jurisdiction does not exist for the Stevedoring Company's Complaint.

### B. Admiralty Jurisdiction

The Stevedoring Company also argues that admiralty jurisdiction applies because the contract between it and Pandolfo was maritime in nature. The Stevedoring Company further argues that Pandolfo's injury satisfies the two prongs of the test set forth in *Jerome B. Grubart, Inc.* because the injury suffered on land was potentially caused by a vessel on navigable water, and arose out of an activity bearing a substantial relationship to traditional maritime activity. Pandolfo responds that the

Stevedoring Company cannot satisfy the location test for *Jerome B. Grubart, Inc.* because Pandolfo's injury was caused by a toploader being operated in the Port of Miami and a toploader is not a vessel on navigable water.

The Stevedoring Company's first argument lacks merit because Pandolfo is not alleging a breach of contract action based on his employment contract with the Stevedoring Company in state court. Rather, Pandolfo is maintaining a tort action in state court, and thus the Stevedoring Company must satisfy the location and connection test set forth in *Jerome B. Grubart, Inc.*, 513 U.S. at 527-28. This test asks "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Id.*

The Stevedoring Company alleges that Pandolfo was injured at a terminal while walking across "a wide, unobstructed lane being used by the toploader operators for transporting containers to the vessel." D.E. 1 ¶¶ 21, 22. Pandolfo "stepped directly in front of, and was struck by, a toploader." *Id.* Accepting these allegations as true, admiralty jurisdiction does not extend to this action because it occurred on land and was caused by a land-based piece of equipment, thus failing the locality test. *Jerome B. Grubart, Inc.*, 513 U.S. at 527; *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 213-14 (1971) (finding no admiralty jurisdiction where respondent was "not injured by equipment that was part of the ship's usual gear or that was stored on board, the equipment that injured him was in no way attached to the ship, the forklift was not under the control of the ship or its crew, and the accident did not occur aboard ship or on the gangplank"); *Davis v. W. Bruns & Co.*, 476 F.2d 246, 248 (5th Cir. 1973) ("Thus, we hold only that federal maritime jurisdiction does not reach a longshoreman injured on the land by shore-based equipment when none of the elements relevant to the locality rule of *Victory*

*Carriers, Inc. v. Law* are present.").

An action seeking relief under the Declaratory Judgment Act must have an independent source of jurisdiction. *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699 (11th Cir. 2011). As such, this action must be dismissed because this Court does not have subject matter jurisdiction under either 28 U.S.C. § 1331 or § 1333. Accordingly it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (D.E. 9) is GRANTED. Count I of Plaintiff's Complaint is DISMISSED WITH PREJUDICE. It is further

ORDERED AND ADJUDGED that, for Administrative Purposes, this case is CLOSED. Defendant's Motion for Sanctions Pursuant to Rule 1, D.E. 15, remains pending.

DONE AND ORDERED in Chambers in Miami, Florida this 3d day of November, 2014.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record; *pro se* Plaintiff.